STATE OF TEXAS V. W. J. LANGRAN & COMPANY ET AL.

Decided April 12, 1905.

**Liquor Dealer's Bond—Screens.**

There was no violation of the clause in a liquor dealer's bond conditioning it that the seller should not maintain a screen or other device to obstruct the view, where, owing to the irregular form of the room rented for carrying on the business, the bar could not be seen from the front door, no screen or other device being used to obstruct the view.

Appeal from the District Court of Johnson County. Tried below before Hon. Nelson Phillips.

*Mason Cleveland,* County Attorney, *Haynes,* and *O. T. Plummer,* for appellant.—The court erred in rendering judgment in this case for defendants, because the uncontradicted evidence proved beyond a doubt that defendants did not keep an open house at the place where they sold spirituous, vinous and malt liquors or medicated bitters capable of producing intoxication during the time mentioned in plaintiff's petition, and because as a question of law under the facts proven said judgment was erroneous and is contrary to law applicable to the case. Sayles' Rev. Stats., art. 5060g; Componovo v. State, 39 S. W. Rep., 1114; People v. Kennedy, 62 N. W. Rep., 1020; People v. Carrell, 118 Mich., 79.

*T. L. Camp,* for appellees.—The court did not err in rendering judgment for appellees because the uncontradicted testimony shows that W. J. Langran & Company did keep an open house within the meaning of the statutes. Rev. Stats., art. 5060g.

KEY, ASSOCIATE JUSTICE.—This is a suit brought by the State for an alleged breach of a liquor dealer's bond. There was a nonjury trial resulting in a judgment for the defendants, and the State has appealed.

The testimony discloses the following facts: W. J. Langran & Company executed a statutory bond, and obtained the necessary license and engaged in the business of retail liquor dealers in the city of Cleburne. The business was conducted in a rented house, built in an irregular shape, so that the rear was much wider than the front part; in fact, the front was only eight feet and ten inches wide for a distance of about half the length of the building, where there was an offset at a right angle for sixteen feet. The bar was located and the customers served within the offset in the rear part of the building, and that part of the building and persons located therein, could not be seen from the front door on account of the angle in the building. The following diagram represents the building, the front being on Anglin street:

HENDERSON STREET
(NORTH)

Langran & Co. put up no screen or any other obstruction to prevent the view from the front door. It was shown that persons on the street, in front of the building, or in the front door could not see the bar or persons standing by it. Article 5060g of the Revised Statutes requires those engaging in the retail liquor business to execute a bond, conditioned, among other things, that they will keep an open house, defined in the statute as "one in which no screen nor other device is used or placed, either inside or outside of such house or place of business, for the purpose of or that will obstruct the view through the open door or place of entrance."

In our opinion, the trial court decided the case correctly. The testimony fails to show that Langran & Company used a screen or any other device for the purpose of obstructing the view from the door. They did not erect the building in that shape to be used for that purpose. On the contrary, the building did not belong to them, but they rented it from the owner. The undisputed testimony shows that they located the bar and served their customers at the most convenient place in the

building. In fact, the testimony tends strongly to show that the bar could not have been suitably located elsewhere in the building, without removing the closet shown on the diagram, and it was not shown that the lessees had any right to make such a material change in the building.

No error has been shown and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.